# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### GRAND JURY SWORN IN ON NOVEMBER 12, 2010

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL CASE NO. 10-256 (RMC)** |
| | : | |
| **v.** | : | **GRAND JURY ORIGINAL** |
| | : | |
| **CARLOS M. SILVA ,** | : | **VIOLATIONS:** |
| also known as Carlos M. Silva-Cortez, | : | |
| also known as Cangri, | : | **18 United States Code, § 1962(d)** |
| **OMAR R. AGUILAR,** | : | **(RICO Conspiracy)** |
| also known as Omar Rivera-Aguilar, | : | **18 United States Code, §§ 1959(a)(1)** |
| also known as Flaco, | : | **(Kidnaping in Aid of Racketeering)** |
| also known as Flaco from Fulton, | : | **(Murder in Aid of Racketeering)** |
| **WILFREDO MEJIA,** | : | **18 United States Code, §§ 1959(a)(3)** |
| also known as Freddie, | : | **(Assault with a Dangerous Weapon in** |
| also known as Majestic, | : | **Aid of Racketeering)** |
| **HENRY SARBA,** | : | **18 United States Code, §§ 924(c)(1)(A)** |
| also known as Henry Saravia, | : | **(Possession of a Firearm During and In** |
| also known as Flaco, | : | **Relation to a Crime of Violence)** |
| also known as Flaco from Park View, | : | **18 United States Code, § 2** |
| **MICHELLE NICOLE RIOS,** | : | **(Aiding and Abetting)** |
| also known as La Licensiada, | : | **22 D.C. Code, §§ 2801, 4502 (2001 ed.)** |
| **HECTOR DIAZ-FLORES,** | : | **(Armed Robbery)** |
| also known as Littleman, | : | **22 D.C. Code, §§ 2001, 4502 (2001 ed.)** |
| **MANUEL ANTONIO SARAVIA,** | : | **(Kidnaping While Armed)** |
| also known as Cholo, | : | **22 D.C. Code, §§ 801(a), 4502, (2001 ed.)** |
| **NOE MARCHADO-ERAZO,** | : | **(First Degree Burglary While Armed)** |
| also known as Gallo, | : | **22 D.C. Code, §§ 401, 3002(a)(1), 3002(a)(2),** |
| **JOSE MARTINEZ-AMAYA,** | : | **4502 (2001 ed.)** |
| also known as Crimen, | : | **(Assault With Intent To Commit First** |
| **RUDIS CASTRO-MARTINEZ** | : | **Degree Sexual Abuse While Armed)** |
| also known as Rudy Martinez, | : | **22 D.C. Code, §§ 3004(1), 3004(2)** |
| also known as Krypta, | : | **4502 (2001 ed.)** |
| also known as Luis Garcia, | : | **(Third Degree Sexual Abuse While** |
| | : | **Armed)** |
| | : | **18 United States Code, Section 3** |
| | : | **(Accessory After the Fact)** |
| | : | **22 D.C. Code, § 722(a)(2)(A) (2001 ed.)** |
| | : | **(Obstructing Justice (Testimony))** |

**MARIO LOPEZ-RAMIREZ,**          :   **22 D.C. Code, § 1810 (2001 ed.)**
 **also known as Pava,**           :       **(Threatening To Injure/Kidnap a Person)**
                    **Defendants.**   :   **22 D.C. Code, § 722(a)(3)(B) (2001 ed.)**
                                 :       **(Obstructing Justice (Reporting))**
                                 :   **22  D.C. Code, §§ 2101, 4502 (2007 ed.)**
                                 :       **(First Degree Murder While Armed)**
                                 :       **(Premeditated)**

## I N D I C T M E N T

The Grand Jury charges that:

## COUNT ONE

### Introduction

1.    *La Mara Salvatrucha*, also known as the MS-13 gang (hereafter "MS-13"), is a gang composed primarily of immigrants or descendants of immigrants from El Salvador, with members operating throughout the United States, including within the District of Columbia.  The name "*Mara Salvatrucha*" is a combination of several slang terms.  The word "*Mara*" is the term used in El Salvador for "gang."  The phrase "*Salvatrucha*" is a combination of the words "*Salva*," which is an abbreviation for "Salvadoran," and "*trucha*," which is a slang term for the warning "fear us," "look out," or "heads up."

2.    In the United States, MS-13 originated in Los Angeles, California, where, among other things, MS-13 members engaged in turf wars for the control of drug distribution locations.  MS-13 quickly spread to states across the country, including Virginia, Maryland, Tennessee,  North Carolina, and the District of Columbia.

3.    MS-13 is a national and international criminal organization with over 10,000 members regularly conducting gang activities in at least twenty states and the District of Columbia, as well as in Mexico, Honduras, Guatemala, and El Salvador.  MS-13 is one of the largest street

gangs in the United States. Gang members actively recruit members, including juveniles, from communities with a large number of immigrants from El Salvador.  Members, however, can also have ethnic heritage from other Central American countries.  In the United States, MS-13 has been functioning since at least the 1980s.

4.     At all times relevant to this Indictment, in order to join MS-13, members were required to complete an initiation process, often referred to as being "jumped in" or "beat in" to the gang.  During that initiation, other members of MS-13 would beat the new member, usually until a gang member finishes counting aloud to thirteen.

5.     At all times relevant to this Indictment, some members of MS-13 signified their membership by wearing tattoos reading "MARA SALVATRUCHA," "MS," "MS-13," or similar slogans, often written in Gothic lettering.  The gang colors of MS-13 are blue, black, and white, and members often wear clothing of these colors bearing the number "13," or with numbers that, when added together, totaled 13, such as "76."  Also, MS-13 members from time to time marked their territory or signified their presence through the use of graffiti with the words "MS" or other identifying slogans.  More recently, some MS-13 members have more discreetly and less publicly signified their membership by hiding and avoiding such clothing and tattoos in order to avoid detection by law enforcement.  MS-13 members refer to one another by their gang names or other nicknames and may not know fellow gang members except by these gang names.

6.     At all times relevant to the Indictment, members of MS-13 were expected to protect the name, reputation, and status of the gang from rival gang members and other persons.  MS-13 members required that all individuals should show respect and deference to the gang and its membership.  To protect the gang and to enhance its reputation, MS-13 members were expected to

3

use any means necessary to force respect from those who show disrespect, including acts of intimidation and violence.  MS-13's creed is exemplified by one of its mottos, "*Matar, robar, violar, controllar",* which translates in sum and substance to, "Kill, steal, rape, control."

7.    At all times relevant to this Indictment, members of MS-13 engaged in criminal activity, including murders, attempted murders, narcotics distribution, assaults, robberies, extortions, stealing vehicles, and obstructing justice in the form of threatening and intimidating witnesses that they believed to be cooperating with law enforcement.  MS-13 members were required to commit acts of violence to maintain membership and discipline within the gang, including violence against rival gang members or those they perceived to be rival gang members, as well as MS-13 members and associates who violated the gang's rules.  As a result of MS-13's frequent use of violence, innocent persons were often injured or killed.  Participation in criminal activity by an MS-13 member, particularly violent acts directed at rival gang members or as ordered by the gang leadership, increased the level of respect accorded that member, resulting in that member maintaining or increasing his position in the gang, and possibly resulting in recognition as a leader.

8.    At all times relevant to this Indictment, MS-13 was organized in the District of Columbia and elsewhere in "cliques," that is, smaller groups operating in a specific city or region. MS-13 cliques sometimes worked together cooperatively to engage in criminal activity and to assist one another in avoiding detection by law enforcement.  The cliques operated under the umbrella rules of MS-13.  In the District of Columbia and surrounding metropolitan jurisdictions, these cliques included Sailors (SLSW), Normandy (NLS), Peajes, Western (WLS), Uniones (ULS), and

Fultons.  The principal, although not the only, rivals to MS-13 in the District of Columbia and surrounding jurisdictions are  18th Street, STC and the Mara R gangs.  One of the principal rules of MS-13 is that its members must attack and kill rivals whenever possible.

9.      At all times relevant to this Indictment, MS-13 members attended meetings together on a regular basis.  Within the Washington, D.C. metropolitan area, specific cliques have banded together under an initiative from El Salvador called "The Program."  Each program is usually designated by its geographic area.  However, in the District of Columbia the collaborative cliques call themselves "La Hermandad" (meaning "The Brotherhood").  The leaders of each clique meet as representatives of La Hermandad to discuss gang rules and gang business, to resolve problems or issues involving the cliques, and to unite gang members.  Specific issues may include among other things: gang organizational issues; illegal activity conducted on behalf of MS-13; acts of violence committed by MS-13 members against rival gang members and others; law enforcement activity against MS-13 members; and purging the gang of those suspected of cooperating with law enforcement.

10.      The leaders of individual MS-13 cliques are typically called "shot callers" or "*La Palabra*."  Above the "shot callers" are MS-13 leaders, often referred to as the "big homies," some of whom are incarcerated in El Salvador, who convey their orders through, among other means, the use of telephones.  The leaders of MS-13 resolve disputes between gang members, address organizational issues, and participate in significant gang decisions such as whether to assault or murder gang members, associates, and other individuals suspected of cooperating with law

enforcement.   When such a decision is made to assault or murder gang members, associates, and other individuals suspected of cooperating with law enforcement or to otherwise discipline an MS-13 member, there is said to be a "green light" on that gang member, associate, or other individual.

11.     At all times relevant to this Indictment, MS-13 members paid dues that were collected at gang meetings.  MS-13 members collected dues for the benefit of, and to be provided to, MS-13 gang members who were imprisoned in the United States, in El Salvador, and elsewhere.  On more than one occasion, MS-13 members in La Hermandad transferred funds to MS-13 members incarcerated in prison in El Salvador.  MS-13 members also collected dues to buy firearms to be used in the conduct of MS-13's affairs and other illegal activities.

12.     At all times relevant to this Indictment, MS-13 members communicated about gang activities with other MS-13 members in the District of Columbia and elsewhere using mobile telephones, telephone text messages, notes or "kites," and other modes of communication. Additionally, MS-13 members used transnational and international money wire transfers to conduct and promote gang activities.

The Racketeering Enterprise

13.     MS-13, including its leadership, members and associates, in the District of Columbia, Maryland,  El Salvador, and elsewhere, constituted an "enterprise" as defined in Title 18, United States Code, Section 1961(4) [hereinafter "the enterprise"] that is, a group of individuals associated in fact.  The enterprise constituted an ongoing organization whose members functioned as a continuing unit that had a common purpose of achieving the objectives of the enterprise.  This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

<u>Purposes of the Enterprise</u>

14.     The purposes of the MS-13 enterprise included the following:

a.      Preserving and protecting the power, territory, reputation, and profits of the enterprise through the use of intimidation, violence, threats of violence, assaults, and murder;

b.      Promoting and enhancing the enterprise and the activities of its members and associates by committing crimes, including, but not limited to, murder, attempted murder, narcotics trafficking, theft of vehicles, robberies, extortion, human smuggling, and other criminal activities;

c.      Keeping victims, potential victims, and community members in fear of the enterprise and its members and associates through violence and threats of violence;

d.      Providing financial support and information to MS-13 members, including those incarcerated in the United States and El Salvador; and

e.      Providing assistance to other MS-13 members who committed crimes for and on behalf of the gang, to hinder, obstruct, and prevent law enforcement officers from identifying the offenders, apprehending the offenders, and successfully prosecuting and punishing the offenders.

15.     The defendants, who encompass some of the membership and the leadership of MS-13, acted individually, with each other, with other members known and unknown to the Grand Jury, and also with non-member MS-13 associates in the commission of racketeering activities and other criminal conduct.

16.     Beginning on a date unknown to the Grand Jury but since at least the late 1990s, and continuing up through and including the present, in the District of Columbia, the District of Maryland, and elsewhere, **WILFREDO MEJIA,** also known as Freddie, also known as Majestic*,* **MICHELLE NICOLE RIOS,** also known as La Licensiada, **MANUEL SARAVIA,** also known

7

as Cholo, also known as Mecia, **NOE MACHADO-ERAZO,** also known as Gallo, **RUDIS CASTRO-MARTINEZ**, also known as Rudy Martinez, also known as Krypta, also known as Luis Garcia, **MARIO LOPEZ RAMIREZ**, also known as Pava, **JOSE MARTINEZ,** also known as Crimen, together with others known and unknown, each being a person employed by and associated with MS-13, an enterprise which engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, knowingly, and intentionally did conspire to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of multiple acts involving offenses chargeable under the following provisions of District of Columbia and Maryland law:

      a.      Murder, in violation of 22 District of Columbia Code, §§ 2101 and 2103, and in violation of Maryland Code Criminal Law §§ 2-201, 2-204, 2-205, 2-206 and the Common Law of Maryland ;

      b.      Robbery in violation of 22 District of Columbia Code, § 2801 and Maryland Code, Criminal Law §§ 3-402 and 3-403 and the Common Law of Maryland;

      c.      Extortion, in violation of 22 District of Columbia  Code, § 3251, and Maryland Code, Criminal Law §§ 3-701, 3-705, the Common Law of Maryland and multiple acts involving the following provisions of federal narcotics law:

      d.      Sections 841(a)(1) and 846 of Title 21, United States Code; and multiple acts indictable under the following provisions of federal law:

      e.      18 U.S.C. § 1512 (Witnesses Retaliation/Tampering);

   f.  18 U.S.C. § 1503 (Obstruction of Justice);

 17.  It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

Manner and Means of the Conspiracy

 18.  It was part of the manner and means of the conspiracy that the defendants, as gang members of MS-13, were required to have and did have regular meetings with other MS-13 gang members to discuss, among other things: the structure and organization of the gang; past criminal acts committed against rival gang members and others; MS-13 members who were arrested or incarcerated; the disciplining of MS-13 members; police interactions with MS-13 members; the identities of gang members and gang associates suspected of cooperating with law enforcement and the proposed actions to be taken against such members and associates; plans and agreements regarding the commission of future crimes, including murder, extortion, narcotics distribution, robbery, illegal possession of firearms, and assault, as well as ways to conceal these crimes; and the enforcement of gang rules.

 19.  It was further part of the manner and means of the conspiracy that the defendants and other members and associates of MS-13 agreed to purchase, maintain, and circulate a collection of firearms for use in criminal activity by MS-13 members.

 20.  It was further part of the manner and means of the conspiracy that the defendants and other members and associates of MS-13 agreed that acts of violence, including murder, attempted murder, and assault, would be committed by members and associates of MS-13 against rival gang members and others when it suited the enterprise's purposes.  MS-13 members also used violence to impose discipline within the gang.

9

21.     It was further part of the manner and means of the conspiracy that the defendants and other members and associates of MS-13 agreed to distribute narcotics, to use the telephone to facilitate narcotics distribution,  to commit robbery, extortion, and other crimes, and to conceal their criminal activities by obstructing justice, threatening or intimidating witnesses, and other means.

<u>Overt Acts</u>

22.     In furtherance of the racketeering conspiracy and to effect the objectives thereof, the defendants and their co-conspirators committed and caused to be committed the following overt acts, among others, on or about the following dates in the District of Columbia, the District of Maryland and elsewhere:

a.     On or about May 19, 2008, RUDIS CASTRO-MARTINEZ, also known as Rudy Martinez, also known as Krypta, also known as Luis Garcia, and other individuals known to the Grand Jury stabbed a person.

b.     On or about July 2008, MICHELLE NICOLE RIOS, also known as La Licensiada, sent money intended for an MS-13 leader in El Salvador via Western Union to Domatila de la Paz Portillo-Ramos in El Salvador.

c.     On or about August 3, 2008, a juvenile gang member  sent money intended for an MS-13 leader in El Salvador via Western Union to Domatila de la Paz Portillo-Ramos in El Salvador.

d.     On or about September 14, 2008, in Riverdale, Maryland, MS-13 gang members, known and unknown, held a meeting to discuss MS-13 gang business and initiate new members into the gang.

e.       On or about December 12, 2008, in Washington, D.C., HECTOR DIAZ-FLORES, also known as  "Littleman," along with a juvenile gang member and others known and unknown participated in the assault and stabbing of Giovanni Sanchez, who subsequently died.

f.       On or about January 20, 2009, MICHELLE NICOLE RIOS, MARIO LOPEZ-RAMIREZ,  NOE MACHADO-ERAZO, and others known and unknown attended a meeting at which at least one person was initiated into the gang.

g.       Between or about March 2009, and July 2009, MICHELLE NICOLE RIOS, JOSE MARTINEZ, MARIO LOPEZ-RAMIREZ, and others participated in a beating administered as discipline by MS-13 to a gang member.

h.       On or about January 19, 2009, MICHELLE NICOLE RIOS sent $40 intended for an MS-13 leader in El Salvador via Western Union to Julia Abarca in El Salvador.

i.       On or about February 18, 2009,  MICHELLE NICOLE RIOS sent $50 intended for an MS-13 leader in El Salvador via Western Union to Julia Abarca in El Salvador.

j.       On or about March 8, 2009, in the Eastern District of Virginia, a juvenile gang member  participated in an assault of another juvenile.

k.       On or about March 9, 2009, MICHELLE NICOLE RIOS sent $200  intended for an MS-13 leader in El Salvador via Western Union to Julia Abarca in El Salvador.

l.       Between on or about June 2009, and September 2009, NOE MACHADO-ERAZO ordered a beating of MICHELLE NICOLE RIOS due to suspicion of cooperation with law enforcement.

m.     Between on or about June 2009, and on or about December 2009, WILFREDO MEJIA led MS-13 meetings in which he encouraged members to extort money from various businesses.

n.     Between on or about June 2009, and on or about December 2009, WILFREDO MEJIA directed new recruits to MS-13, also known as "paisas," to commit robberies of certain businesses.

o.     Between on or about June 2009, and on or about December 2009, WILFREDO MEJIA told a paisa that he had to kill a chavala to earn the "MS" letters as a tattoo.

p.     On or about July 31, 2009, RUDIS CASTRO-MARTINEZ and another person in the District of Columbia stabbed two persons.

q.     In or about the summer of 2009, WILFREDO MEJIA, along with other MS-13 members and associates, attacked two persons believed to be rival gang members.

r.     On or about October 15, 2009, in the District of Maryland, MS-13 members including MANUEL SARAVIA also known as Cholo assaulted individuals near a nightclub.

s.     On or about October 17, 2009, in the District of Maryland, MS-13 members including LOPEZ-RAMIREZ and JOSE MARTINEZ participated in an assault on a person they believed to be a rival gang member.

t.     On or about November 17, 2009, in Silver Spring, Maryland, an MS-13 member sold cocaine to a Montgomery County police officer acting in an undercover capacity.

u.     On or about November 28, 2009, an MS-13 meeting was held in the District of Maryland, and attended by MARIO LOPEZ-RAMIREZ, JOSE MARTINEZ and others.

v.      On or about December 6, 2009, a co-conspirator known to the Grand Jury spoke to an MS-13 member in another city who advised him of violent activity by MS-13 members in that city.

w.      On or about December 9, 2009, in the District of Columbia MARIO LOPEZ RAMIREZ, also known as Pava, and MANUEL SARAVIA, also known as Cholo, shot a person .

x.      On or about December 9, 2009, NOE MACHADO-ERAZO agreed to assist in hiding another MS-13 member who had been involved in a shooting.

y.      On or about December 11, 2009, WILFREDO MEJIA also known as Majestic, CARLOS SILVA, also known as Cangri, OMAR R. AGUILAR, also known as Flaco from Fulton, and others known to the Grand Jury planned to rob persons located at a residence on Taylor Street in Washington, D.C., in order to intimidate them into providing future extortion payments.

z.      Between December 11, 2009, and April 2010, HENRY SARBA called the victims of the Taylor Street robbery and threatened them with harm if they testified against the MS-13 members who were arrested.

aa.      On or about December 22, 2009, in Silver Spring, Maryland, an MS-13 member sold cocaine to a Montgomery County Police Officer acting in an undercover capacity.

bb.      On or about December 28, 2009, MANUEL SARAVIA sent $40 intended for an MS-13 leader in El Salvador via Western Union to Julia Abarca in El Salvador.

cc.      On or about January 5, 2010, in Silver Spring, Maryland, an MS-13 member sold cocaine to a Montgomery County Police Officer acting in an undercover capacity.

dd.     On or about January 10, 2010, a co-conspirator known to the Grand Jury asked an MS-13 member in another city for assistance in smuggling some persons, including at least one MS-13 member, into the United States.

ee.     On or about January 13, 2010, in Silver Spring, Maryland, an MS-13 gang member sold cocaine to a Montgomery County Police Officer acting in an undercover capacity.

ff.     On or about January 14, 2010, NOE MACHADO-ERAZO engaged in a conversation with a co-conspirator known to the Grand Jury in which they discussed other MS-13 members being arrested in possession of a gun.

gg.     On or about January 29, 2010, in Silver Spring, Maryland, an MS-13 gang member sold cocaine to a Montgomery County Police Officer acting in an undercover capacity.

hh.     On or about February 4, 2010, a co-conspirator known to the Grand Jury engaged in a conversation with a clique member in another city at which time the co-conspirator known to the Grand Jury advised that NOE MACHADO-ERAZO and MANUEL SARAVIA would come to that city to help organize an MS-13 clique and they would bring a firearm.

ii.     On or about February 20, 2010, a MS-13 meeting  was held in the District of Maryland at which time an El Salvador leader spoke to the membership via NOE MACHADO-ERAZO's cell phone.

jj.     On or about February 20, 2010, a MS-13 meeting was held at which time it was discussed whether to send NOE MACHADO-ERAZO and MANUEL SARAVIA to another city to assist in organizing a MS-13 clique.

kk.     On or about March 4, 2010, MANUEL SARAVIA sent $350 intended for a MS-13 leader in El Salvador via Western Union to Julia Abarca in El Salvador.

14

ll.     On or about March 6, 2010, in Silver Spring, Maryland, a MS-13 meeting was held, which was attended by MANUEL SARAVIA, NOE MACHADO-ERAZO and others, and during which MANUEL SARAVIA and NOE MACHADO-ERAZO discussed the proper method of jumping-in, or initiating, a new member.

mm.     On or about March 6, 2010, a co-conspirator known to the Grand Jury led a MS-13 meeting in the District of Maryland and urged the attendees to commit crimes on behalf of the gang.

nn.     On or about March 7, 2010, a co-conspirator known to the Grand Jury sought the advice of a MS-13 leader in El Salvador regarding the behavior of Felipe Leonardo Enriquez also known as Zombie at a meeting.

oo.     On or about March 7, 2010, a MS-13 leader in El Salvador directed a co-conspirator known to the Grand Jury to kill a rival gang member in order to earn the respect of his clique.

pp.     On or about March 9, 2010, in Silver Spring, Maryland, a MS-13 member possessed cocaine for the purpose of distribution.

qq.     On or about March 10, 2010, a MS-13 leader in El Salvador ordered a co-conspirator known to the Grand Jury to find someone else within MS-13 to sell drugs for the gang because of the arrest of a MS-13 member who had been selling drugs.

rr.     On or about March 16, 2010, a co-conspirator known to the Grand Jury was in possession of a gun in Falls Church, Virginia.

ss.     On or about March 19, 2010, at a MS-13 meeting at the home of MANUEL SARAVIA in Silver Spring, Maryland, a MS-13 leader in El Salvador spoke to the membership by

15

cell phone and appointed MANUEL SARAVIA to investigate whether a co-conspirator known to the Grand Jury was cooperating.  The leader also advised that Felipe Leonardo Enriquez, also known as Zombie, needed to be investigated and may need to be killed.

tt.     On or about March 20, 2010, MANUEL SARAVIA sent $50 intended for a MS-13 member in El Salvador via Western Union to Julia Abarca in El Salvador.

uu.     On or about March 31, 2010, in the District of Maryland MANUEL SARAVIA, NOE MACHADO-ERAZO and JOSE MARTINEZ killed Felipe Leonardo Enriquez also known as ZOMBIE.

vv.     On or about April 18, 2010, MANUEL SARAVIA advised a MS-13 leader in El Salvador that he had killed chavalas rival gang members.

ww.     On or about April 23, 2010, MANUEL SARAVIA attended a MS-13 meeting and discussed extorting a deported gang member who had recently returned to the United States.

xx.     On or about May 30, 2010, MANUEL SARAVIA, MICHELLE NICOLE RIOS, and others attended a MS-13 meeting.

yy.     On or about May 30, 2010, MANUEL SARAVIA and MICHELLE NICOLE RIOS searched for rival gang members to kill.

zz.     Between on or about April 16, 2010, and June 2010, a woman in North Carolina received phone calls from MICHELLE NICOLE RIOS and an unknown male, both of whom threatened to have her harmed by MS-13 members.

aaa.     On or about June 10, 2010, while armed with a gun, RUDIS CASTRO-MARTINEZ, also known as Rudy Martinez, also known as Krypta, also known as Luis Garcia, and others known to the Grand Jury assaulted a rival gang member.

16

bbb.    On or about July 10, 2010, MANUEL SARAVIA threatened a person by phone.

ccc.    On or about October 10, 2010, MANUEL SARAVIA, MICHELLE NICOLE RIOS and others attended a MS-13 meeting in Washington, D.C.

ddd.    On or about November 6, 2010, MANUEL SARAVIA and MICHELLE NICOLE RIOS drove to an MS-13 meeting at the Econolodge in Takoma Park, Maryland.

(**RICO Conspiracy**, in violation of Title 18, United States Code, Section 1962(d))

## COUNT TWO

23.    Beginning on a date unknown to the Grand Jury but since at least the late 1990s, and continuing up through and including the present, in the District of Columbia, the District of Maryland, and elsewhere, and continuing through and including on or about the date of the return of this indictment, both dates being approximate and inclusive, the MS-13, as more fully described in Paragraphs 1 through 14 of Count One, which are realleged and incorporated by reference as if fully set forth herein, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), namely the MS-13 enterprise, that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

24.    The above described enterprise, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder in violation of 22 District of Columbia Code, Sections 2101 and 2103 and in violation of Maryland Code Criminal Law §§ 2-201, 2-204, 2-205, 2-206 and the Common

Law of Maryland, acts involving robbery in violation of 22 District of Columbia Code, Section 2801,

extortion in violation of 22 District of Columbia Code, Section 3251 Maryland Code, Criminal Law

§§ 3-402 and 3-403 and the Common Law of Maryland, acts involving extortion in violation of 22

District of Columbia  Code, § 3251, and Maryland Code, Criminal Law §§ 3-701, 3-705, and the

Common Law of Maryland; and narcotics trafficking in violation of Title 21, United States Code,

Sections 841(a)(1) and 846, and obstruction of justice in violation of Title 18, United States Code,

Sections 1503 and 1512.

On or about December 11, 2009, in the District of Columbia, as consideration for the receipt

of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-

13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an

enterprise engaged in racketeering activity, the defendants, **CARLOS M. SILVA**, also known as

Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-

Aguilar,  also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known

as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury,

unlawfully, knowingly, and intentionally did kidnap Maria Soto-Trinidad in violation of 22 District

of Columbia Code, Section 2001.

(**Kidnaping in Aid of Racketeering and Aiding and Abetting**, in violation of Title 18,
United States Code, Sections 1959(a)(1) and 2)

### COUNT THREE

The allegations in paragraphs 23 and 24 of Count Two of this Indictment are realleged and

incorporated by reference as though fully set forth herein.

18

On or about December 11, 2009, in the District of Columbia, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the defendants, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury, unlawfully, knowingly, and intentionally did assault Maria Soto-Trinidad with a dangerous weapon in violation of 22 District of Columbia Code, Section 402.

> (**Assault with a Dangerous Weapon in Aid of Racketeering and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2)

### COUNT FOUR

On or about December 11, 2009, within the District of Columbia, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury, while armed with a pistol and a knife, by force and violence, against resistance and by putting in fear, stole and took from the person and from the immediate actual possession of Maria Soto-Trinidad, property of value belonging to Maria Soto-Trinidad, consisting of money and a cell phone.

> (**Armed Robbery**, in violation of 22 D.C. Code, Sections 2801, 4502 (2001 ed.))

## COUNT FIVE

On or about December 11, 2009, within the District of Columbia, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury, while armed with a pistol and a knife seized, confined, kidnaped, abducted, inveigled, and carried away Maria Soto-Trinidad, with intent to hold and detain Maria Soto-Trinidad, for the purpose of stealing property of another or for some other benefit.

(**Kidnaping While Armed**, in violation of 22 D.C. Code, Sections 2001, 4502 (2001 ed.))

## COUNT SIX

The allegations in paragraphs 23 and 24 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about December 11, 2009, in the District of Columbia, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the defendants, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known

as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury unlawfully, knowingly, and intentionally did kidnap Mary Colon in violation of 22 District of Columbia Code, Section 2001.

(**Kidnaping in Aid of Racketeering and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2)

## COUNT SEVEN

The allegations in paragraphs 23 and 24 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about December 11, 2009, in the District of Columbia, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the defendants, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury unlawfully, knowingly, and intentionally did assault Mary Colon with a dangerous weapon in violation of 22 District of Columbia Code, Section 402.

(**Assault with a Dangerous Weapon in Aid of Racketeering and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2)

## COUNT EIGHT

On or about December 11, 2009, within the District of Columbia, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO**

21

**MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury, while armed with a pistol and a knife, by force and violence, against resistance and by putting in fear, stole and took from the person and from the immediate actual possession of Mary Colon, property of value belonging to Mary Colon, consisting of a purse and its contents.

(**Armed Robbery**, in violation of 22 D.C. Code, Sections 2801, 4502 (2001 ed.))

### COUNT NINE

On or about December 11, 2009, within the District of Columbia, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury, while armed with a pistol and a knife seized, confined, kidnapped, abducted, inveigled, and carried away Mary Colon, with intent to hold and detain Mary Colon, for the purpose of stealing property of another or for some other benefit.

(**Kidnaping While Armed**, in violation of 22 D.C. Code, Sections 2001, 4502 (2001 ed.))

### COUNT TEN

The allegations in paragraphs 23 and 24 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about December 11, 2009, in the District of Columbia, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the defendants, **CARLOS M. SILVA**, also known as

Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar,  also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury unlawfully, knowingly, and intentionally did kidnap Jesus Velascquez in violation of 22 District of Columbia Code, Section 2001.

> (**Kidnaping in Aid of Racketeering and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2)

## COUNT ELEVEN

The allegations in paragraphs 23 and 24 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about December 11, 2009, in the District of Columbia, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the defendants, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury unlawfully, knowingly, and intentionally did assault Jesus Velascquez with a dangerous weapon in violation of 22 District of Columbia Code, Section 402.

> (**Assault with a Dangerous Weapon in Aid of Racketeering and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2)

## COUNT TWELVE

On or about December 11, 2009, within the District of Columbia, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury, while armed with a pistol and a knife, by force and violence, against resistance and by putting in fear, stole and took from the person and from the immediate actual possession of Jesus Velascquez, property of value belonging to Jesus Velascquez, consisting of money.

(**Armed Robbery**, in violation of 22 D.C. Code, Sections 2801, 4502(2001 ed.))

## COUNT THIRTEEN

On or about December 11, 2009, within the District of Columbia, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose  identity is known to the Grand Jury, while armed with a pistol and a knife seized, confined, kidnapped, abducted, inveigled, and carried away Jesus Velascquez, with intent to hold and detain Jesus Velascquez, for the purpose of stealing property of another or for some other benefit.

(**Kidnaping While Armed**, in violation of 22 D.C. Code, Sections 2001, 4502 (2001 ed.))

## COUNT FOURTEEN

The allegations in paragraphs 23 and 24 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about December 11, 2009, in the District of Columbia, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the defendants, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar,  also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury unlawfully, knowingly, and intentionally did kidnap Mauricio Garcia in violation of 22 District of Columbia Code Section 2001.

(**Kidnaping in Aid of Racketeering and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2)

## COUNT FIFTEEN

The allegations in paragraphs 23 and 24 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about December 11, 2009, in the District of Columbia, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the defendants, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known

as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury unlawfully, knowingly, and intentionally did assault Mauricio Garcia with a dangerous weapon in violation of 22 District of Columbia Code, Section 402.

(**Assault with a Dangerous Weapon in Aid of Racketeering and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2)

## COUNT SIXTEEN

On or about December 11, 2009, within the District of Columbia, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury, while armed with a pistol and a knife, by force and violence, against resistance and by putting in fear, stole and took from the person and from the immediate actual possession of Mauricio Garcia, property of value belonging to Mauricio Garcia, consisting of money.

(**Armed Robbery**, in violation of 22 D.C. Code, Sections 2801, 4502(2001 ed.))

## COUNT SEVENTEEN

On or about December 11, 2009, within the District of Columbia, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is

known to the Grand Jury, while armed with a pistol and a knife seized, confined, kidnapped, abducted, inveigled, and carried away Mauricio Garcia, with intent to hold and detain Mauricio Garcia, for the purpose of stealing property of another or for some other benefit.

(**Kidnaping While Armed**, in violation of 22 D.C. Code, Sections 2001, 4502 (2001 ed.))

## COUNT EIGHTEEN

The allegations in paragraphs 23 and 24 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about December 11, 2009, in the District of Columbia, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the defendants, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury unlawfully, knowingly, and intentionally did kidnap Helen Cavallos in violation of 22 District of Columbia Code, Section 2001.

(**Kidnaping in Aid of Racketeering and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2)

## COUNT NINETEEN

The allegations in paragraphs 23 and 24 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about December 11, 2009, in the District of Columbia, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the defendants, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury unlawfully, knowingly, and intentionally did assault with a dangerous weapon Helen Cavallos in violation of 22 District of Columbia Code, Section 402.

> (**Assault with a Dangerous Weapon in Aid of Racketeering and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2)

## COUNT TWENTY

On or about December 11, 2009, within the District of Columbia, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury, while armed with a pistol and a knife, by force and violence, against resistance and by putting in fear, stole and took from the person and from the immediate actual possession of Helen Cavallos, property of value belonging to Helen Cavallos, consisting of money and a cell phone.

(**Armed Robbery**, in violation of 22 D.C. Code, Sections 2801, 4502(2001 ed.))

## COUNT TWENTY-ONE

On or about December 11, 2009, within the District of Columbia, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury, while armed with a pistol and a knife seized, confined, kidnapped, abducted, inveigled, and carried away Helen Cavallos, with intent to hold and detain Helen Cavallos, for the purpose of stealing property of another or for some other benefit.

(**Kidnaping While Armed**, in violation of 22 D.C. Code, Sections 2001, 4502 (2001 ed.))

## COUNT TWENTY-TWO

On or about December 11, 2009, within the District of Columbia, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury, while armed with a pistol and a knife, entered the dwelling of another individual, while Maria Soto-Trinidad, Mary Colon, Jesus Velascquez, Mauricio Garcia, and Helen Cavallos were inside that dwelling, with intent to steal property of another.

(**First Degree Burglary While Armed**, in violation of 22 D.C. Code, Sections 801(a), 4502 (2001 ed.))

## COUNT TWENTY-THREE

On or about December 11, 2009, within the District of Columbia, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, and a juvenile male whose identity is

known to the Grand Jury, while armed with a pistol and a knife, assaulted Maria Soto-Trinidad with the intent to engage in a sexual act with Maria Soto-Trinidad, that is penetration of Maria Soto-Trinidad's vulva or anus by his penis, by using force against Maria Soto-Trinidad, and threatening or placing Maria Soto-Trinidad in reasonable fear that she would be subjected to death, bodily injury, or kidnaping.

(**Assault With Intent To Commit First Degree Sexual Abuse While Armed**, in violation of 22 D.C. Code, Sections 401, 3002(a)(1), 3002(a)(2), 4502 (2001 ed.))

## COUNT TWENTY-FOUR

On or about December 11, 2009, within the District of Columbia, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, and a juvenile male whose identity is known to the Grand Jury while armed with a pistol and a knife, engaged in sexual contact with Maria Soto-Trinidad, that is, touched her breasts by using force against Maria Soto-Trinidad, and threatening or placing Maria Soto-Trinidad in reasonable fear that she would be subjected to death, bodily injury, or kidnaping.

(**Third Degree Sexual Abuse While Armed**, in violation of 22 D.C. Code, Sections 3004(1), 3004(2), 4502 (2001 ed.))

## COUNT TWENTY-FIVE

On or about December 11, 2009, in the District of Columbia, the defendants, **CARLOS M. SILVA**, also known as Carlos M. Silva-Cortez, also known as Cangri, **OMAR R. AGUILAR**, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, **WILFREDO MEJIA**, also known as Freddie, also known as Majestic and other individuals whose identities are known to the Grand Jury, unlawfully, willfully, and knowingly did use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of

the United States, namely, Kidnaping in Aid of Racketeering as alleged in Counts Two, Six, Ten, Fourteen, and Eighteen, and Assault with a Dangerous Weapon in Aid of Racketeering as alleged in Counts Three, Seven, Eleven, Fifteen, and Nineteen and did possess a firearm in furtherance of the offenses charged in Counts One through Twenty-Four of this Indictment, and did brandish a firearm in furtherance of the offenses charged in Counts One through Twenty-Four of this Indictment.

**(Possession of a Firearm During and in Relation to a Crime of Violence and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2)

### COUNT TWENTY-SIX

Between on or about December 18, 2009, and on or about April 10, 2010, within the District of Columbia, **HENRY SARBA**, also known as Henry Saravia, also known as Flaco, also known as Flaco from Park View, the defendant, knowing that an offense against the United States has been committed, to wit, Kidnaping in Aid of Racketeering as set forth in Count One of this Indictment, did receive, relieve, comfort, and assist the offenders, Carlos M. Silva, also known as Carlos M. Silva-Cortez, also known as Cangri, Omar R. Aguilar, also known as Omar Rivera-Aguilar, also known as Flaco, also known as Flaco from Fulton, Wilfredo Mejia, also known as Freddie, also known as Majestic, and other individuals whose identity is known to the Grand Jury, in order to hinder and prevent the offender's apprehension, trial, and punishment.

**(Accessory After the Fact**, in violation of Title 18, United States Code, Section 3)

### COUNT TWENTY-SEVEN

On or about and between December 18, 2009, and April 10, 2010, within the District of Columbia, **HENRY SARBA**, also known as Henry Saravia, also known as Flaco, also known as

Flaco from Park View, wilfully and knowingly threatened, corruptly persuaded, and by threatening letter and communication, endeavored to influence, intimidate and impede Mary Colon, a witness in an official proceeding, to wit, the case of *United States v. Carlos Silva*, Criminal Case Number 2009CF3026239, et al., then pending in the Superior Court of the District of Columbia, with the intent to influence, delay and prevent the truthful testimony of Mary Colon in that proceeding.

    (**Obstructing Justice (Testimony)**, in violation of 22 D.C. Code, Section 722(a)(2)(A) (2001 ed.))

## COUNT TWENTY-EIGHT

On or about and between December 18, 2009, and April 10, 2010, within the District of Columbia, **HENRY SARBA**, also known as Henry Saravia, also known as Flaco, also known as Flaco from Park View, threatened to injure/kidnap Infain Cruz.

    (**Threatening To Injure/Kidnap a Person**, in violation of 22 D.C. Code, Section 1810 (2001 ed.))

## COUNT TWENTY-NINE

On or about and between December 18, 2009, and April 10, 2010, within the District of Columbia, **HENRY SARBA**, also known as Henry Saravia, also known as Flaco, also known as Flaco from Park View, wilfully and knowingly threatened, corruptly persuaded, and by threatening letter and communication, endeavored to influence, intimidate and impede Domingo Garcia, a witness in an official proceeding, to wit, the case of *United States v. Carlos Silva*, Criminal Case Number 2009CF3026239, et al., then pending in the Superior Court of the District of Columbia, with the intent to influence, delay and prevent the truthful testimony of Domingo Garcia in that proceeding.

    (**Obstructing Justice (Testimony)**, in violation of 22 D.C. Code, Section 722(a)(2)(A) (2001 ed.))

## COUNT THIRTY

On or about and between December 18, 2009, and April 10, 2010, within the District of Columbia, **HENRY SARBA**, also known as Henry Saravia, also known as Flaco, also known as Flaco from Park View, wilfully and knowingly threatened, corruptly persuaded and harassed Domingo Garcia, with the intent to hinder, delay, prevent and dissuade Domingo Garcia from reporting to a law enforcement officer the commission of, and any information concerning the armed robbery charged in the second through sixth counts of this indictment.

(**Obstructing Justice (Reporting)**, in violation of 22 D.C. Code, Section 722(a)(3)(B)) (2001 ed.)

## COUNT THIRTY-ONE

On or about and between December 18, 2009, and April 10, 2010, within the District of Columbia, **HENRY SARBA**, also known as Henry Saravia, also known as Flaco, also known as Flaco from Park View, threatened to injure/kidnap Domingo Garcia.

(**Threatening To Injure/Kidnap a Person**, in violation of 22 D.C. Code, Section 1810 (2001 ed.))

## COUNT THIRTY-TWO

The allegations in paragraphs 23 and 24 of Count Two of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about December 12, 2008, in the District of Columbia, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an

enterprise engaged in racketeering activity, the defendant, **HECTOR DIAZ-FLORES** also known as Littleman, and another individual whose identity is known to the Grand Jury, unlawfully and knowingly, did murder Giovanny Sanchez in violation of 22 D.C. Code, Sections 2101 and 4502.

(**Murder in Aid of Racketeering and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1959(a)(1) and 2)

## COUNT THIRTY-THREE

**HECTOR DIAZ-FLORES**, also known as "Littleman," and another individual whose identity is known to the Grand Jury within the District of Columbia, while armed with a dangerous weapon, that is a knife or other sharp object, purposely and with deliberate and premeditated malice, killed Giovanny Sanchez by stabbing him with a knife or other sharp object on or about December 12, 2008, thereby causing injuries from which Giovanny Sanchez died on or about December 12, 2008.

(**First Degree Murder While Armed (Premeditated)**, in violation of 22 D.C. Code, Sections 2101, 4502 (2007 ed.))

## COUNT THIRTY-FOUR

The allegations in paragraphs 23 and 24 of Count Two  of this Indictment are realleged and incorporated by reference as though fully set forth herein.

On or about June 10, 2010, in the District of Columbia, as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value from MS-13, and for the purpose of gaining entrance to and maintaining and increasing position in MS-13, an enterprise engaged in racketeering activity, the defendant, **RUDIS CASTRO-MARTINEZ** also

known as Krypta, other individuals whose identity are known to the Grand Jury, unlawfully and

knowingly, did assault with a dangerous weapon, to wit: a gun, Ludwin Rubio in violation of 22

District of Columbia Code, Section 402.

> **(Assault with a Dangerous Weapon in Aid of Racketeering and Aiding and Abetting**,
> in violation of Title 18, United States Code, Sections 1959(a)(3) and 2)

## COUNT THIRTY-FIVE

On or about June 10, 2010, in the District of Columbia, the defendant, **RUDIS CASTRO-**

**MARTINEZ** also known as Krypta  and other individuals whose identity is known to the Grand

Jury, unlawfully, willfully, and knowingly did use and carry a firearm during and in relation to a

crime of violence for which they may be prosecuted in a court of the United States, namely, Assault

with a Dangerous Weapon in Aid of Racketeering as alleged in Count Thirty-Four, and did brandish

a firearm in furtherance of the offense charged in Count Thirty-Four of this Indictment.

> **(Possession of a Firearm During and in Relation to a Crime of Violence and Aiding and**
> **Abetting**, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2)

A TRUE BILL:

FOREPERSON.

Attorney for the United States in
and for the District of Columbia