## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 10-256 (08) (RMC)** |
| | : | **CRIMINAL NO. 10-256 (09) (RMC)** |
| vs. | : | **CRIMINAL NO. 10-256 (19) (RMC)** |
| | : | |
| **NOE MACHADO-ERAZO,** | : | |
| **JOSE MARTINEZ-AMAYA** | : | |
| **HENRY DIAZ-ANTUNUEZ,** | : | |
| | : | |
| **Defendants.** | : | |

### NOTICE OF INTENT TO INTRODUCE INTRINSIC EVIDENCE

The United States of America, by its undersigned counsel, hereby provides notice of its intent to introduce certain evidence at the trial of this matter that is intrinsic to the charged RICO conspiracy.[1] In particular, in addition to evidence supporting each of the overt acts set forth in the superseding indictment (Doc.101), the government may introduce evidence of the following:

1. Graffiti. The government may introduce evidence of MS-13 graffiti on various buildings in the Washington, D.C. metropolitan area. The government has provided photos of such graffiti in discovery to the defendants. The graffiti generally shows the gang's name, symbols, and some of its rules—"Kill Chavalas" (meaning kill rival gang members), for example. See generally United States v. Robinson, 978 F.2d 154, 1562-63 (10th Cir. 1992) (admission of gang evidence including clothing and photographs to show association with gang).

2. Tattoos. The defendants have tattoos showing their allegiance to MS-13. The

---

[1] As the Court is aware notice of such evidence is not required. See United States v. Gooch, 514 F. Supp. 2d 63, 69-60 (D.D.C. 2007); United States v. Mahdi, 598 F.3d 883, 890-92 (D.C. Cir. 2010). However, as the government has indicated at prior hearings in this matter, the government believes the better practice is to provide such notice. See, e. g., United States v. Boyle, 2009 WL 2032105 (S.D.N.Y. 2009) (acceptable for government to provide enterprise letter detailing specific acts underlying RICO conspiracy that only set forth the type of overt acts committed).

1

government has provided photos of their tattoos in discovery to defense counsel.  This evidence is relevant to showing their membership in MS-13.  See, e. g., United States v. Zambrano, 2011 WL 4565796 (N.D. Ill.) (admitting evidence of tattoos to show membership in Latin Kings).

3.      Evidence of threats and violence against potential witnesses and their families.  As set forth in the superseding indictment, MS-13 uses threats and violence to suit the gang's purposes and to impose discipline within the gang.  See Superseding Indictment (Doc. 101) at 10, ¶20.  Here, the government has filed under seal and Ex Parte Proffer of Threats.  The government intends to introduce that evidence at trial.  In addition, other potential witnesses have been threatened or "green lighted."  The government also intends to introduce evidence of those threats at trial.  The government will provide Jencks and reports relating to these matters in accordance with its disclosure agreement in this case.  See United States v. Zierke, 618 F.3d 755, 59 (8th Cir. 2010) (evidence that defendant threatened to kill witness is evidence of consciousness of guilt); United States v. Savage, 2013 WL 42033 (E.D. Pa.) (threats to a witness are direct evidence of the charged RICO conspiracy); but see United States v. Green, 617 F.3d 233 (3rd Cir. 2010), cert. denied, 131 S.Ct. 363 (2010) (threat to witness considered 404(b) evidence).

4.      Drug and weapons possession.  The superseding indictment alleges that MS-13 members maintained firearms and distributed narcotics to support the gang's purposes.  See Superseding Indictment (Doc. 101) at 10, ¶19 and 21.  Here, the government may introduce evidence that defendant Noe Machado Erazo distributed and possessed with intent to distribute cocaine and marijuana.  The government may also introduce evidence that defendants Machado-Erazo and Jose Martinez-Amaya maintained firearms for use by gang members including themselves.  Defendants Machado-Erazo and Martinez-Amaya possessed the firearms on multiple occasions, and, other than

the specific acts set forth in the indictment, the government cannot provide a more specific time and place for each instance in which they possessed a firearm.

5. Additional Evidence. Finally, the government notes that it is aware of other violent crimes committed by the defendants and the defendants should be careful to avoid opening the door to such evidence in cross-examination.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar No. 447-889

BY:  /s/
NIHAR R. MOHANTY
Assistant United States Attorney
D.C. Bar No. 436-686
555 Fourth Street, N.W., Room 4120
Washington, D.C. 20530
(202) 252-7700
nihar.mohanty@usdoj.gov (email)

/s/
LAURA GWINN
Trial Attorney
United States Department of Justice
Criminal Division
1301 New York Avenue, NW
Washington, D.C.
(202) 353-9178
laura.gwinn@usdoj.gov (email)